UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EDWARD L. FULTON,

                Plaintiff,

  v.

CITY OF SEATTLE, et al.,

                Defendants.

Case No. C14-1886 TSZ-BAT

**REPORT AND RECOMMENDATION**

Plaintiff, a pro-se prisoner, submitted an application to proceed in forma pauperis (IFP) and a 42 U.S.C. § 1983 complaint against Defendants the City of Seattle, City Attorney's Office, Judge Hightower, Judge Lynch, Officer Fine, Officer Myers, and the SeaTac Police Department. Plaintiff alleges that defendants unreasonably detained him for possessing an illegal knife and "passing out drunk." Dkt. 1-1. He claims that he should have received medical attention but does not identify any medical need. He complains that he cannot drink, get any lap dances at Déjà vu or even smoke pot even though he invented it. He requests $5,000.00 for every hour he was imprisoned for the last three years "if [he] is acquitted by jury." He also seeks $1,000.00 per hour for his imprisonment in 2011 after the SeaTac police booked him on theft.

The Court recommends Plaintiff's complaint be dismissed with prejudice and without leave to amend because any further amendment would be futile. Plaintiff's claims are not

REPORT AND RECOMMENDATION - 1

1  cognizable under 42 U.S.C. 1983 because they relate to the validity of his state court convictions

2  and are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), and because the complaint makes

3  allegations against defendants who are immune from § 1983 liability.  The Court further

4  recommends that the dismissal be counted as a strike under 28 U.S.C. § 1915(g) and that

5  Plaintiff's IFP application be denied as moot.

6  **DISCUSSION**

7  An inmate such as plaintiff may bring an action for violation of his constitutional rights

8  under 42 U.S.C. § 1983 if he can show that (1) a state actor (2) violated his constitutional rights.

9  *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).  Plaintiff fails to state a viable

10  claim for relief under § 1983.

11  **A.     Convictions/Detentions**

12  Plaintiff cannot proceed in a civil action for damages when a judgment in his favor would

13  necessarily imply the invalidity of his convictions or sentences when cannot demonstrate that his

14  convictions or sentences have been invalidated.  *See Heck v. Humphrey*, 512 U.S. 477, 487

15  (1994).  As to his detention for illegally possessing a knife, Plaintiff seeks damages "if

16  acquitted," which clearly demonstrates that he has either not yet been convicted or his conviction

17  has not yet been invalidated.

18  As to his 2011 detention for theft, Plaintiff claims only that he was booked on theft

19  charges and released the next day.  He states no facts showing that any state actor violated his

20  constitutional rights.  In addition, claims arising for an alleged false arrest are likely time-barred.

21  The appropriate statute of limitations for a 42 U.S.C. § 1983 claim is the forum state's statute of

22  limitations for tort actions, which in Washington is three years.  *Joshua v. Newell*, 871 F.2d 884,

23  886 (9th Cir.1989) (citing RCW 4.16.080(2)).  Under federal law, a claim accrues "when the

plaintiff knows or has reason to know of the injury which is the basis of the action." *Two Rivers v. Lewis,* 174 F.3d 987, 991 (9th Cir. 1999).

**B.    Immunity**

The defendants named in Plaintiff's complaint are either immune from liability under § 1983 or no viable claims have been alleged against them.

Plaintiff cannot sue for monetary damages against the judges in his criminal cases because monetary damages against judges are barred by absolute judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 9–12 (1991). *Accord Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts.") (citation omitted).   Plaintiff's claims against the city attorney's office must also be dismissed because prosecutors are absolutely immune from liability under section 1983 for conduct that is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005).

**C.    Individuals and City of Seattle**

Officers Fine and Myers are listed in the caption, but there are no factual allegations against them in the complaint.  Mr. Fulton has not alleged when or how these individuals violated his constitutional rights.

The City of Seattle is also listed in the caption.  Mr. Fulton was previously advised that to hold the City of Seattle liable, he must show that the municipality itself violated his rights or that it directed its employee(s) to do so.  *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1994).  A local governmental unit – such as the City of Seattle – may not be held responsible for the acts of its employees under a respondeat superior theory of liability.  *See*

REPORT AND RECOMMENDATION - 3

*Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978).  In order to sue the City of Seattle, Mr. Fulton must allege facts showing that any constitutional deprivation he suffered was the result of a custom or policy of the City of Seattle.  *Id.*  Although given the opportunity to amend his claim to allege supporting facts, Mr. Fulton has failed to do so.

The Court also notes that this is the 13th lawsuit that Mr. Fulton has filed in the past three years.  All of his prior complaints have been dismissed prior to service for failure to state a claim and/or failure to prosecute.  *See Fulton v. Allstate Corp.*, Case No. 12-1965 JLR Dkt. 7 (failure to insure property under rental property policy – dismissed without prejudice for failure to process); *Fulton v. Microsoft Corp.*, Case No. 12-328 RAJ Dkt. 5 ("taking" action based on computer hacking – dismissed for lack of subject matter jurisdiction); *Fulton v. USA,* Case No. 12-329 JCC Dkt. 9 (claims of slander, child abuse, stalking, attempted murder, hacking, burglary, less than minimum wage, and brutality – dismissed without prejudice for failure to prosecute); *Fulton v.Fulton,* Case No. 12-330 RSM Dkt. 5 (action against parents for kicking him out of house before he turned 18 – dismissed without prejudice for failure to state cognizable legal theory); *Fulton v. Apple Corp.,* Case No. 12-331 JLR Dkt. 6 (property damage claim based on "Itunes was hacked" – IFP denied and dismissed for failure to pay filing fee); *Fulton v. Navos,* Case No. 12-350 RAJ Dkt. 3 (defamation, libel and wrongful imprisonment against doctor at Navos – dismissed for lack of subject matter jurisdiction); *Fulton v. Samson,* Case No. 12-351 RAJ Dkt. 3 (suit against landlord for obtaining restraining order - dismissed for lack of subject matter jurisdiction); *Fulton v. Navos,* Case No. 12-352 RSL Dkt. 12 (claim against doctors at Navos of cruel and unusual punishment, defamation, slanders, libel, and wrongful imprisonment – dismissed without prejudice for failure to prosecute); *Fulton v. Seattle PD,* Case No. 12-387 RSM Dkt. 7 (illegal seizure of laptop and headphones – dismissed for failure to

REPORT AND RECOMMENDATION - 4

prosecute); *Fulton v. State of Washington,* Case No. 13-965 JLR Dkt. 10 (suit filed in federal court because "the marbeling is fabulous" and claim based on "length of incarceration psych ward treatment" – dismissed without prejudice for failure to amend to state claim); *Fulton v.Seattle City Attorney,* Case No. 13-2148 MJP Dkt. 11 (claims based on excessive sentence, probation does not allow him to drink or smoke marijuana, and denial of change of plea – dismissed without prejudice because claims barred by *Heck* and defendants immune); *Fulton v. Virginia Mason Hospital*, Case No. C14-145 JCC Dkt. 9 (claim of sexual assault during psychiatric detention in 2012 – dismissed for failure to state claim).

## CONCLUSION

Where a pro se litigant's complaint fails to state a claim upon which relief can be granted, the Court generally grants him the opportunity to amend the complaint. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). However, the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Id*. Here, Mr. Fulton would have to abandon the claims he has asserted and allege an entirely new cause of action based on an entirely new set of facts in order to proceed with this case. This is more than the rule of liberally granting leave to amend would seem to require. Accordingly, the Court concludes that it is not required to grant plaintiff leave to amend.

For the reasons discussed above, the Court recommends that Plaintiff's § 1983 action be **DISMISSED without prejudice and the dismissal counted as a strike under 28 U.S.C. 1915(g)**. A proposed order accompanies this Report and Recommendation. Any objections to this Recommendation must be filed and served upon the Court no later than **Monday, February 9, 2015.** The Clerk should note the matter for **Wednesday, February 11, 2015**, as ready for the District Judge's consideration if no objection is filed. If Plaintiff files an objection, he must note

REPORT AND RECOMMENDATION - 5

the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections shall not exceed seven (7) pages. The failure to timely object may affect the right to appeal.

DATED this 20th day of January, 2015.

/s/

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6